IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

RICARDO ORTIZ, §
 §
   Plaintiff, §
 §
VS. § Case No. 4:12CV570-DDB
 §
WELLS FARGO BANK, N.A., §
 §
   Defendant. §

**MEMORANDUM OPINION AND ORDER
OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to Rule 12(b)(6) (Dkt. 19). As set forth below, the Court finds that the motion should be GRANTED.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On or about June 29, 2004, Plaintiff Ricardo Ortiz executed a Promissory Note ("the Note") secured by a Deed of Trust ("the Deed of Trust") with CTX Mortgage Company, LLC to purchase real property located at 1908 Grand Fir, Little Elm, Texas 75068 ("the Property"). *See* Dkt. 17 at ¶¶ 6-7. On or about September 15, 2011, Mortgage Electronic Registration System, Inc ("MERS"), the beneficiary on the Deed of Trust, apparently assigned it to Defendant Wells Fargo. *Id.* at ¶ 10.

In 2011, Plaintiff claims, he encountered financial hardship causing him to fall behind on his mortgage payments. *Id.* at ¶ 8. According to the Plaintiff, he sought relief from Defendant Wells Fargo on numerous occasions through loan modification and governmental assistance programs such

1

as HAMP. *Id.* at ¶¶ 8-9. According to Defendant, the Property was sold at a non-judicial foreclosure sale on April 3, 2011, and, on July 13, 2012, a suit for forcible detainer was filed and judgment was entered in favor of Defendant. Dkt. 19 at ¶ 1.

On August 22, 2012, Plaintiff filed Plaintiff's Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction in the 16th Judicial District Court in Denton County, Texas. *See* Dkt. 3. Plaintiff brought suit to quiet title and avoid eviction from the Property. On August 31, 2012, Defendant removed the case to this Court. *See* Dkt. 1.

Defendant Wells Fargo filed a motion to dismiss on September 17, 2012, and the Court issued an order to respond on October 29, 2012. *See* Dkt. 12. In response, Plaintiff filed his Amended Complaint on November 6, 2012. *See* Dkt. 13. Defendant then filed a motion to dismiss Plaintiff's First Amended Complaint Pursuant to Rule 12(b)(6) on November 9, 2012. *See* Dkt. 15. This Court issued another order for Plaintiff to respond on December 6, 2012 (Dkt. 16), and, in response, Plaintiff filed his Second Amended Complaint on December 14, 2012. *See* Dkt. 17. On December 21, 2012, Defendant then filed this Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to Rule 12 (b)(6). *See* Dkt. 19.

Since removal, Plaintiff has amended his complaint twice. His live pleading – Plaintiff's Second Amended Complaint – asserts a claim of promissory estoppel against Defendant Wells Fargo and seeks damages for breach of contract, unjust enrichment, and intentional infliction of emotional distress, as well as "damages prescribed by Title 15 USC 1692 section 813," attorney's fees and costs. *See* Dkt. 17 at F-H.

Defendant has filed a motion to dismiss, seeking to dismiss Plaintiff's claims.  Defendant argues that Plaintiff's Second Amended Complaint fails to state a claim for promissory estoppel, and that Plaintiff is not entitled to the damages he seeks.  *See* Dkt. 19 at ¶¶ 11-22.

## STANDARD FOR MOTION TO DISMISS

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted.  FED. R. CIV. P. 12(b)(6).  The Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff.  *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  A claim will survive an attack under Rule 12(b)(6) if it "may be supported by showing any set of facts consistent with the allegations in the complaint."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S. Ct. 1955, 1969, 167 L. Ed.2d 929 (2007).  In other words, a claim may not be dismissed based solely on a court's supposition that the pleader is unlikely "to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder."  *Id*. at 563 n.8.

Although detailed factual allegations are not required, a plaintiff must provide the grounds of his entitlement to relief beyond mere "labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do."  *Id*. at 555.  The complaint must be factually suggestive, so as to "raise a right to relief above the speculative level" and into the "realm of plausible liability."  *Id*. at 555, 557 n.5.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009), (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955)).  For a claim to have facial plausibility, a plaintiff must plead facts that allow the

court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). Therefore, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id*. (internal quotations omitted).

## ANALYSIS

Defendant's motion argues that Plaintiff's complaint fails to state a plausible claim for promissory estoppel because: (1) there is a valid and enforceable agreement between the parties (the Note and Deed of Trust); (2) Wells Fargo made no actionable promise to Plaintiff; (3) Plaintiff took no action in reliance on an alleged promise by Wells Fargo; (4) any reliance on the alleged promise was no reasonable; and (5) Plaintiff is not entitled to the damages or attorney's fees he seeks.

Although Defendant's motion has been pending for more than two months, Plaintiff has not filed a response to the motion or otherwise amended his complaint to address the deficiencies raised by the motion. The Court notes that this is not the first time Plaintiff has failed to timely respond to a dispositive motion. The Court entered two previous orders indicating that Plaintiff had failed to respond to Defendant's motions to dismiss and that if no responses were filed, then the Court would assume that Plaintiff was not opposed to the relief requested and proceed accordingly. *See* Dkts. 12 & 16. Such practice is in accordance with Local Rule CV-7(d) which provides that if "a party fails to oppose a motion in the manner prescribed herein, the court will assume that the party has no opposition." E.D. TEX. L.R. CV-7(d). In the Court's most recent order regarding a response, Plaintiff was instructed to review and fully comply with provisions regarding deadlines in the Local

Rules, and was also warned that the Court would issue no further orders reminding Plaintiff of his duty to respond. *See* Dkt. 16. Therefore, in accordance with the Court's prior orders and the Local Rules of this District, the Court assumes that Plaintiff agrees that he has stated insufficient facts to survive dismissal of his promissory estoppel claim.

Moreover, the Court has reviewed Defendant's arguments and finds that they are supported by applicable Fifth Circuit authority regarding challenges to foreclosure proceedings after attempted loan modifications. *Milton v. U.S. Bank Nat. Ass'n*, 2013 WL 264561, 2 (5th Cir. 2013) ("Plaintiff's promissory estoppel claim is unavailing because plaintiff has failed to allege or introduce evidence that Ocwen promised to reduce its alleged oral misrepresentations into writing."); *Pennington v. HSBC Bank USA, N.A.*, 2012 WL 4513333, 5-6 (5th Cir. 2012) (affirming dismissal of promissory estoppel claim and noting that the plaintiff failed to allege any damages that satisfied the reliance requirement, that modified payments did not "constitute detrimental reliance because they were just applied to the loan," and that the plaintiff's failure to allege "any alternative course of action she would have taken, except for never falling behind, [prevented] her from relying on promissory estoppel in any event."); *Tremble v. Wells Fargo Home Mortg., Inc.*, 478 Fed. Appx. 164, 2012 WL 1957902 (5th Cir. 2012) (promissory estoppel did not bar mortgage lender from foreclosing on mortgagors' real property, despite mortgage lender's history of accepting mortgagors' late payments because it was undisputed that the mortgage was a valid, enforceable contract).

Here, in his scant four and a half page pleading, Plaintiff has conceded that he executed both a Note and Deed of Trust as to the Property. Plaintiff has not alleged, however, that Defendant promised to reduce any forbearance agreement into writing; and Plaintiff has failed to sufficiently

allege reliance damages. *See* Dkt. 17. Such allegations clearly do not survive Fifth Circuit scrutiny. Without any argument and authorities from Plaintiff to show how his claims could survive, the Court finds that dismissal is warranted.

Therefore, Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to Rule 12(b)(6) (Dkt. 19) is GRANTED and Plaintiff's claims herein are dismissed for failure to state a claim.

**SO ORDERED.**
**SIGNED this 8th day of March, 2013.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE